PALMER, Appellant, v. SEAMAN, Respondent.

(216 N. W. 849.)

· (File No. 5829. . Opinion filed December 20, 1927.)

*Harlan J. Bushfield*, of Miller, for Appellant.
*F. E. Snider,* of Faulkton, for Respondent.

MORIARTY, C. This action was brought by the appellant for the recovery of $1,400 alleged to be due to him from the respondent, in accordance with the terms of a written contract. Trial was had to the court. The facts were all stipulated to the trial court, and from such agreed statement of facts the trial court made findings and conclusions favorable to the defendant and entered judgment in accordance therewith. From such judgment and from an order denying a new trial, the plaintiff appeals.

The undisputed facts are as follows:

In the year 1920 the appellant and another were the owners of certain lands in Hand county. On January 27, 1921, these parties conveyed the said lands to one McCann. When the property was so conveyed, it was incumbered by a mortgage to Edward H. Sanford, securing the payment of two notes of $1,400 each. This indebtedness the grantee, McCann, by the terms of his deed, assumed and agreed to pay. As part of the purchase price McCann

gave to the grantors two mortgages on the land, one for $5,000, and one for $7,250.

After this transaction, one of the $1,400 notes given to Sanford fell due, and McCann was not prepared to pay it. In order to avoid foreclosure of the mortgage to Sanford, appellant advanced to McCann $1,400 to pay the note then due. As shown by the stipulation of facts presented to the trial court, appellant advanced this money pursuant to an agreement with McCann that the latter would repay the $1,400 to appellant when the Sanford mortgage was paid in full, and that said $2,800 mortgage should remain of record and in full force and effect until the appellant had been repaid the $1,400 which he so advanced.

About June 6, 1922, appellant and respondent entered into a written contract whereby appellant was to transfer and assign to respondent the two McCann notes of $5,000 and $7,250, respectively, and the mortgages securing the same; such transfer to be applied on the payment for certain California property to be conveyed to appellant by respondent. In this contract the respondent, Seaman, was named as party of the first part.

The contract contained the following provision with regard to the money which appellant had advanced to McCann:

"It is mutually agreed that, whereas the said Palmer has heretofore paid to Edward H. Sanford the sum of $1,400 for the purpose of discharging a mortgage held by the said Sanford upon the South Dakota real estate above described and the said McCann has assumed the payment thereof, when said McCann shall pay to the said party of the first part the said $1,400, the party of the first part shall immediately thereafter pay the same to the said party of the second part."

And the contract further provided that the first party should have the right to investigate the condition of the title to the land conveyed by the two mortgages to be assigned to him, "and, if the said loans in the aggregate are not a first lien upon said real estate subject only to an incumbrance of $1,400 running to Edward Sanford appearing of record to be $2,800, of which $1,400 is known by the first party to have been paid, in that case the first party shall immediately notify the said bank thereof, which fact shall terminate this agreement, and said bank shall not deliver any of the papers herein provided for."

The California land was conveyed to appellant, and the notes and mortgages transferred to respondent according to the terms of the contract.

Thereafter, when the second $1,400 note to Sanford matured, McCann again failed to make the payment, and respondent arranged with McCann that the latter should secure a rural credit loan of $7,000 on the land; that respondent should release his two mortgages in order to make the rural credit mortgages a first lien; that the balance due to Sanford should be paid out of the $7,000 loan, the remainder of the funds derived from that loan turned over to respondent; and that then McCann should give respondent a mortgage for the balance remaining due on the $5,000 and $7,250 mortgages due to him, and released as aforesaid. This agreement was carried out, and McCann gave respondent a mortgage for $9,300, junior to the $7,000 rural credit mortgage, dated April 4, 1923, and due April 4, 1928.

On April 6, 1924, McCann was unable to pay the interest due on his mortgage to respondent, or the installment due to the state, and on that date McCann and his wife conveyed the land to respondent in consideration of the release of their indebtedness to respondent and in lieu of a foreclosure.

Appellant contends that, under the terms of his contract with respondent, these transactions with McCann bind respondent to pay to appellant the $1,400 advanced to McCann, and that the amount due thereon should be adjudged to be a lien on the land, good against respondent. This is the only question raised by appellant's brief.

It does not appear that respondent included in the $9,300 mortgage given to him by McCann any item covering appellant's $1,400, nor does it appear that such item was paid by McCann out of the state loan, or that respondent in any way received any part of said $1,400.

Respondent's contract with appellant plainly provides that the mortgage assigned to respondent should be subject only to $1,400 remaining due on the $2,800 Sanford mortgage, and that, unless it was shown that $1,400 had been paid thereon, the contract should be canceled.

If respondent is to be held liable for the $1,400 previously paid, that would be equivalent to his taking the land subject to the whole $2,800.

The conclusions and judgment of the trial court are supported by the facts as stipulated and as found by the trial court.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.

CAMPBELL, P. J., dissents.